IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARQUEZ MILLER, Individually and on                    PLAINTIFF
Behalf of All Others Similarly Situated

v.                         4:22-cv-722-DPM

RAZORS EDGE PIZZA INCORPORATED                          DEFENDANT

AMENDED FINAL SCHEDULING ORDER—
COLLECTIVE ACTION

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- Deadline to request any pleading amendment ................................................. **PASSED**

- Joint status report due ..................................... 6 October 2023

- Discovery ends on the named-Plaintiff's claims and the collective-action issues ................................. 6 October 2023

- Joint status report, including settlement conference request, due ................................................................. 8 January 2024

- Motions due[1] ..................................................... 8 January 2024

- **Bench Trial, Little Rock Courtroom 1A** ........ 7 October 2024

---

[1] This deadline applies to motions for decertification. It also applies to any defense motion on the merits, such as a motion for summary judgment. Note and follow the procedures specified *infra* where applicable. Complete condensed deposition transcripts, specific record citations, and courtesy copies of voluminous filings are always helpful to the Court and appreciated.

- **Protective Orders.** Before filing a motion for approval, counsel should email a draft order in WordPerfect or Word to chambers for review. Alert the law clerk on the case to the draft's submission. Avoid legalese. Short, plain orders are better than long, complicated ones. Incorporate Fed. R. Civ. P. 5.2's mandate for redaction if practicable before any filing under seal. The order should remain in effect no longer than one year after litigation ends, not in perpetuity. Incorporate the procedure for discovery disputes, see *infra*, to cover disputes about whether a document is confidential.

- **Discovery Disputes.** Counsel should confer in good faith *in person* before bringing any discovery dispute to the Court. Do not file motions to compel. Do not file a motion to quash or for protective order unless there is an emergency. If the parties reach a discovery impasse, they should file a joint report explaining the disagreement. File this paper under the CM/ECF event called "Joint Report of Discovery Dispute". Your joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. Do not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents (such as disputed written discovery or responses) as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing. If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

- **Summary Judgment.**   Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1. Make the complete condensed transcript of any deposition cited an exhibit.   Limit your Rule 56.1 statements to *material* facts.   Include a *specific* supporting record citation for each fact asserted.   Responding statements of fact must repeat the statement being responded to—like a discovery response.   Include a *specific* supporting record citation for each fact disputed or asserted in the responding statement. A party's substantial failure to follow these procedures will result in the party having to correct its filing.   If the summary judgment papers are voluminous, the Court would appreciate the parties sending a courtesy paper copy to chambers.   Any movant may reply within seven calendar days of a response to a motion for summary judgment.

- **Conflicts Of Interest.**   Counsel must check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal.   If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

Please communicate with Sherri Black, Courtroom Deputy, by e-mail at *sherri_black@ared.uscourts.gov* to check your position on the calendar as the trial date approaches.   In the event of settlement, advise Ms. Sherri Black immediately.

April 2017                                          -3-

AT THE DIRECTION OF THE COURT
TAMMY H. DOWNS, CLERK


By: <u>**Sherri Black**</u>
Courtroom Deputy to
D.P. Marshall Jr.

<u>12 May 2023</u>