IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARQUEZ MILLER, Individually and on                                          PLAINTIFF
Behalf of All Others Similarly Situated

VS.                            NO. 4:22-cv-00722-DPM

RAZORS EDGE PIZZA, INCORPORATED                                              DEFENDANT

**BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL
OF STIPULATED COLLECTIVE ACTION SETTLEMENT
AND TO DISMISS WITH PREJUDICE**

**I. INTRODUCTION
AND OVERVIEW OF AGREEMENT TERMS**

Plaintiff Marquez Miller ("Named Plaintiff") and Defendant Razors Edge Pizza, Incorporated, by and through undersigned counsel, jointly seek entry of stipulated judgment approving the Parties' executed Collective Action Settlement Agreement and Release (the "Agreement"), which resolves any claims arising out of the alleged failure to pay proper wages and overtime compensation to Settlement Collective Members for hours worked while employed by Defendant as hourly-paid Delivery Drivers during the time period of August 12, 2019 to July 19, 2023, and dismissal of this lawsuit with prejudice. *See* Exhibit 1 to the Joint Motion. The Agreement was reached in compromise of a bona-fide dispute between the Parties and was negotiated in good faith.

Under the terms of the Agreement, Defendant has agreed to pay each Settlement Collective Member an amount representing 42 percent of the maximum

difference between the effective Arkansas mileage reimbursement rate and the mileage reimbursement amount actually paid to the Settlement Collective Member.[1] *Id.* at 3. Named Plaintiff is receiving a service award of $1,000.00 for the time and effort Named Plaintiff spent in pursuing the Action and securing the settlement. *Id.* at 2. The Settlement Amount to be paid to each Settlement Collective Member is listed in Appendix A to the Agreement. *Id.* at 10. The total Settlement Amounts to be paid by Defendant to the Settlement Collective Members is $15,384.88. *Id.*

Defendant's counsel will provide Class Counsel with the settlement payments issued to the Settlement Collective Members. *See id.* at 3-4. And each Settlement Collective Member will provide the following release:

> Upon the date Named Plaintiff executes this Agreement in his individual capacity and on behalf of the Settlement Collective (and except as to such rights or claims as may be created by this Agreement), each Settlement Collective Member fully releases and discharges Defendant and the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Action, which includes all overtime-related claims under the FLSA and the AMWA, and including associated liquidated damages, interest, and penalty claims under state or federal law between August 12, 2019 and the date of execution of the Agreement. Settlement Collective Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation, or discrimination law, or any other claims that cannot be released by law.

---

[1] The Settlement Collective consists of Named Plaintiff and 22 Opt-In Plaintiffs who filed timely consent forms and have claims for alleged estimated wages due for Delivery Driver hours worked within the applicable statute of limitations period. *See* Exhibit 1 to the Joint Motion at 2, 10. Defendant provided Class Counsel with the underlying data and calculations that resulted in the amounts shown in Appendix A, and Class Counsel conducted their own analysis of the data and calculations.

*Id.* at 5.

The Agreement also provides that Class Counsel will receive a payment of $8,500.00 for attorneys' fees and costs, which was negotiated separately and without regard to the Settlement Amount payments to be paid by Defendant to the Settlement Collective Members. *Id.* at 3. The fee payment is inclusive of all of Class Counsel's attorneys' fees and litigation costs incurred to date as well as future costs of settlement administration. *Id.*

## II. ARGUMENT

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("we will assume without deciding that the district court has a duty to exercise some level of review of the Agreement"). Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *Lynn's Food Stores*, 679 F.2d at 1353 n.8. The adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement. *Id.* at 1353-54. If the proposed settlement is a reasonable compromise of contested issues, the district court should approve the settlement. *Id.* at 1354; *see also Sims v. Goodwill Industries of Arkansas, Inc.*, No. 4:19-cv-00289-KGB, 2019 WL 5957177, at *2 (a proposed settlement that is reasonable to the

employee and furthers implementation of the FLSA in the workplace should be approved) (citation omitted).

Given the genuine dispute between the Parties over the merits of the allegations of failure to pay sufficient mileage reimbursement amounts for delivery drivers' expenses incurred on Defendant's behalf, the Agreement should be considered a fair, reasonable, and adequate compromise. The settlement follows litigation, including the sharing of time, mileage, and pay records, by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arms' length. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Agreement. This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, as well as the amount of any additional fees and costs that would be incurred as a result of further litigation.

Moreover, under the Agreement, only Named Plaintiff and the Opt-In Plaintiffs who have timely joined this action and have claims within the applicable statute of limitations period will waive any rights (including their FLSA claims) for hours worked. There is therefore no concern that the rights of individuals who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984) (noting that FLSA collective actions do not

implicate the same due process concerns as Rule 23 class actions because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date"), *abrogated on other grounds by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

Finally, the payment of attorneys' fees was negotiated separately and does not diminish the recovery by Settlement Collective Members. Therefore, under controlling law, the Court is not required to approve the attorney's fee payment. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (finding that 29 U.S.C. § 216 does not require approval of settled attorney's fees).

### III. CONCLUSION

For the reasons set forth above, Plaintiff Marquez Miller and Defendant Razors Edge Pizza, Incorporated respectfully request that the Court approve their executed Collective Action Settlement Agreement and Release, dismiss this lawsuit with prejudice, and retain jurisdiction in this matter through the settlement administration period.

|  | Respectfully submitted, |
|---|---|
| SANFORD LAW FIRM, PLLC | WRIGHT, LINDSEY & JENNINGS LLP |
| 10800 Financial Centre Parkway | 200 West Capitol Avenue, Suite 2300 |
| Suite 510 | Little Rock, AR  72201-3699 |
| Little Rock, Arkansas 72211 | (501) 371-0808 |
| Tel: 800-615-4946 | Fax: (501) 376-9442 |
| Fax: 888-787-2040 | Email: *jkim@wlj.com* |

By: */s/ Sean Short*

    Sean Short
    Ark. Bar. No. 2015079
    *sean@sanfordlawfirm.com*

    Josh Sanford
    Ark. Bar No. 2001037
    *josh@sanfordlawfirm.com*

    *Attorneys for Plaintiff*

By:  Jane A. Kim (2007160)

    *Attorneys for Defendant*